**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JALEN WASHINGTON,** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| **vs.** | **§** | **Civil Action No. 4:21-cv-01143** |
| | **§** | |
| **DG LOGISTICS LLC, GREAT DANE LLC, and JOHNATHAN DION SMITH,** | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Jalen Washington files this Amended Complaint against Defendants Hogan Dedicated Services and Johnathan Dion Smith, and would respectfully show the following:

**THE PARTIES**

1. Plaintiff Jalen Washington ("Plaintiff" or "Washington") is an individual residing in Mississippi.

2. Defendant Hogan Dedicated Services, LLC ("Hogan Dedicated Services") is a limited liability company doing business throughout the country. Defendant Hogan Dedicated Services has agreed to service by email to corporate counsel Dale Weppner at dmw@greensfelder.com.

3. Defendant Johnathan Dion Smith ("Smith") is the individual driver employed by Hogan Dedicated Services. Defendant Smith has appeared in this case.

4. By way of this Amended Complaint, Plaintiff has removed Defendants DG Logistics and Great Dane, two previously identified parties in his original pleading.

**JURISDICTION**

5. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

1332, because the amount in controversy exceeds $75,000, and because there is diversity jurisdiction.

**FACTUAL BACKGROUND**

6. Jalen Washington was traveling east on US Hwy 84. Washington had the right of way. Johnathan Dion Smith was employed by Hogan Dedicated Services, and was operating Hogan Dedicated Services' tractor-trailer when he entered US Hwy 84 from MS Hwy 33. Smith entirely failed to yield the right of way, and drove the tractor-trailer across the lanes of US Hwy 84, blocking them and causing a violent collision with Washington's vehicle.

7. Officer James Stokes responded to the scene. After speaking to Smith, Officer Stokes determined Smith failed to yield the right of way—a fact reflected in Officer Stokes' report.

8. Washington was transported by ambulance to Franklin County Memorial Hospital.

9. This incident should not have occurred. Smith has numerous, prior citations for driving violations. Smith has pled guilty to speeding at least three times, and has pled guilty to failing to stop at a stop sign and for not having proper lights, among several other citations. Despite, this, Hogan Dedicated Services continued to allow Smith to operate its company vehicles. Hogan Dedicated Services failed to properly screen, hire, retain and/or train Smith. Hogan Dedicated Services also negligently entrusted the tractor-trailer to Smith.

10. Washington is still treating for his injuries, and now brings this lawsuit to recover damages.

**NEGLIGENCE (SMITH)**

11. Plaintiff incorporates by reference all of the allegations made in the proceeding paragraphs.

12. Smith owed a duty of reasonable care to Washington. Smith was in the course of his employment with Hogan Dedicated Services. Smith breached the duty in one or more of the following, non-exclusive ways, among others:

a. Failing to safely operate the vehicle;

b. Failing to maintain control of the vehicle;

c. Failing to control speed; and

d. Failing to observe and obey traffic laws, signals and/or signs.

**NEGLIGENT ENTRUSTMENT, SCREENING, SUPERVISION, TRAINING AND HIRING (HOGAN DEDICATED SERVICES)**

13. Plaintiff incorporates by reference all of the allegations made in the proceeding paragraphs.

14. Hogan Dedicated Services owed a duty of reasonable care to Washington. Hogan Dedicated Services failed to properly screen, hire, train and/or supervise Smith.

15. Smith's supervisor failed entirely to properly train and/or supervise Smith.

16. Hogan Dedicated Services entrusted the tractor-trailer to Smith, when it knew or should have known he was incompetent and/or reckless. Smith was negligent on the occasion in question, and Smith's negligence proximately caused the incident.

**GROSS NEGLIGENCE (SMITH AND HOGAN DEDICATED SERVICES)**

17. Plaintiff incorporates by reference all of the allegations made in the proceeding paragraphs. Plaintiff will further show that the acts and/or omissions of Defendants, when viewed objectively from Defendants' standpoint, involve an extreme risk considering the probability and magnitude of the potential harm to others.

18. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

19. Further, punitive damages can be imposed against the owner of a vehicle in a negligent entrustment case if the owner knows or should have known that the entrusted driver was incompetent or habitually careless, and the owner was grossly negligent in entrusting the vehicle to that driver.

## JURY DEMAND

20. Plaintiff requests a trial by jury on all issues.

## DAMAGES

21. Plaintiff seeks damages for physical pain and suffering in the past and future; mental anguish in the past and future; physical impairment and disfigurement in the past and future; medical expenses in the past and future; loss of earning capacity in the past and future; loss of household services in the past and future; costs of suit; property damage to the vehicle; and pre-judgment and post-judgment interest at the appropriate rate allowed by law.

22. Plaintiff also seeks exemplary damages.

## PRAYER

23. Plaintiff prays he recovers judgment from Defendants for damages in such an amount that the evidence may show, and the trier of fact may determine to be proper. Plaintiff prays for any and all other relief to which he may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: *<u>/s/ Andrew Dao</u>*
Andrew Dao
Federal I.D. No. 2368172
Texas Bar No. 24082895
adao@dalyblack.com
2211 Norfolk, Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587
ecfs@dalyblack.com (service)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, March 03, 2022, a true and correct copy of the foregoing was served via CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Andrew Dao*
Andrew Dao